IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN MANUEL ROSALES VELAZQUEZ, <br><br> Petitioner, <br><br> v. <br><br> DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and STEVE FANNON, or successor, Warden of McCook Detention Center, <br><br> Respondents. | **8:26CV136** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Juan Manuel Rosales Velazquez's ("Rosales Velazquez") Verified Petition for Writ of Habeas Corpus (Filing No. 1). *See* 28 U.S.C. § 2241. Rosales Velazquez is a citizen of Mexico who, until recently, was residing in Minnesota. He states that Immigration and Customs Enforcement ("ICE") "asserts authority to detain [him] pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(a); the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025); and the Eighth Circuit's" recent decision in *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (finding "that the district court erred in holding that the Government could not detain [the petitioner] without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis").

Distancing himself from *Avila*, which he acknowledges applies to him, Rosales Velazquez does not make a statutory argument under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* Instead, he focuses on the Fifth Amendment to the United States Constitution, arguing "[t]he mandatory detention provisions at 8 U.S.C. § 1225(b)(2)(A),

absent any bond hearing or venue to challenge detention, are unconstitutional as applied to [him] under the standard set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)."

In his view, the respondents are unlawfully detaining him in ICE custody at the McCook Detention Center in McCook, Nebraska, "without any sort of pre-detention hearing, in violation of" his Fifth Amendment right to due process. He asks the Court to apply the *Mathews* three-part balancing test, 424 U.S. at 335, and conclude that he is entitled to either (1) a bond hearing where the respondents must prove he "poses a danger or flight risk" or (2) his immediate release. The argument is unavailing.

Having previously considered this issue and thoroughly reviewed the authority Rosales Velazquez cites and more, the Court has concluded that *Mathews* balancing does not apply to immigration-detention challenges like this one. *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)). After analyzing the facts of each particular case under the proper framework, the Court has consistently found that petitioners challenging their immigration detention under § 1225(b)(2)(A) have failed to show their detention violates their due-process rights. *See id*. at *4-5; *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026). The Court has not been "alone in reaching that conclusion." *Romero v. Brown*, No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *6-7 (S.D. Iowa Apr. 15, 2026) (listing cases). Rosales Velazquez offers nothing in this case that compels a different result.

For that reason,

IT IS ORDERED:
1. Petitioner Juan Manuel Rosales Velazquez's Verified Petition for Writ of Habeas Corpus (Filing No. 1) is denied.
2. This case is dismissed.
3. A separate judgment will issue.

Dated this 22nd day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge